UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLCELLS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JACK ZHAI, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-07323-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SHORTEN TIME**<br><br>Docket No. 27 |

Plaintiff has asked for leave to take expedited discovery in support of its motion for a preliminary injunction. *See* Docket No. 28 (motion). Currently pending before the Court is Plaintiff's request for its discovery motion to be heard on shortened time. Having considered the parties' briefs, the Court hereby **GRANTS** in part and **DENIES** in part Plaintiff's request for shortened time.

Plaintiff has sufficiently established that shortened time is warranted but the timeframe proposed is not reasonable. Accordingly, the Court grants the motion to shorten time but adopts the following schedule:

- **Plaintiff's motion to expedite discovery,** *see* **Docket No. 28 (motion), is set for hearing on January 27, 2017, at 1:30 p.m.**
- Defendants' opposition to the motion shall be filed by January 18, 2017.
- Plaintiff's reply shall be filed no later than 12:00 p.m., January 20, 2017.

Because the timing of the preliminary injunction motion will likely be affected by the scope of the expedited discovery sought by Plaintiff, the Court shall not, at this time, set a hearing date and briefing schedule for the preliminary injunction motion. Moreover, as the discovery being sought by Plaintiff will likely inform the preliminary injunction motion, it likely makes

sense for Plaintiff to file an *amended* preliminary injunction motion with an opposition and reply brief to follow thereafter.

Finally, the Court addresses three other matters that have been raised by the parties' briefs.

- The parties shall stipulate to a protective order. It is the Court's understanding that the only issue that is holding up the signing of a protective order is whether Plaintiff's founder/president, Jie Tong, should be given access to Attorney's Eyes Only information. *See* Docket No. 29 (Opp'n at n.1). At this juncture, the Court orders that Mr. Tong shall not have access to such information, particularly because the party-companies appear to be direct competitors. This ruling, however, does not bar Plaintiff from asking Defendants, on a case-by-case basis, to grant Mr. Tong access with respect to specific documents. In addition, this ruling is without prejudice to Plaintiff filing a motion asking that Mr. Tong be given such access. Finally, the Court forewarns both parties that broad "AEO" designations are not proper and sanctions may be issued for over-designation. **The stipulated protective order shall be signed within a day of the date of this order.**[1]

- Plaintiff has indicated that it is willing to provide a trade secret disclosure. *See* Docket No. 27 (Mot. at 3-4) (arguing that Plaintiff is not required to provide the disclosure but that Plaintiff will provide it). **Plaintiff shall serve the disclosure on Defendants within a day of the date of this order.** Plaintiff shall provide specificity in its disclosure. The Court does not expect there to be satellite litigation over the adequacy of the trade secret disclosure.

- Defendants wish to take discovery with respect to the preliminary injunction motion and expect that they will need to file a discovery motion. If Defendants need to file a discovery motion, they may do so and on an expedited basis. However, before the filing of any discovery motion, the Court expects the parties to further meet and confer either in person or by telephone to discuss the discovery

---

[1] Because of the expedited nature of proceedings, the Court is requiring the parties to take action during the weekend.

dispute(s).  The Court notes that, although this case is in its infancy, it has not been satisfied with the parties' meet-and-confer efforts, and both sides appear to be taking unreasonable positions.  If such conduct persists, both parties risk being sanctioned.  To assist the parties in their meet and confer, the Court notes as follows.  (1) To the extent Plaintiff wants expedited discovery to prepare for its preliminary injunction motion, it is not reasonable for Defendants to ask for discovery on an expedited basis to oppose that motion.  (2) It is not unreasonable for Defendants to take the deposition of Mr. Tong given that he submitted a substantive declaration in support of the preliminary injunction motion.

This order disposes of Docket No. 27.

**IT IS SO ORDERED**.

Dated: January 13, 2017

_____
EDWARD M. CHEN
United States District Judge

3