ROBERT S. SHWARTS (STATE BAR NO. 196803)
rshwarts@orrick.com
MICHAEL D. WEIL (STATE BAR NO. 209056)
mweil@orrick.com
CATHERINE Y. LUI (STATE BAR NO. 239648)
clui@orrick.com
JOHANNA L. JACOB (STATE BAR NO. 286796)
jjacob@orrick.com
AOIFE M. DUFFY (STATE BAR NO. 313515)
aoife.duffy@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

Attorneys for Plaintiff AllCells, LLC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ALLCELLS, LLC, a California limited liability company,<br><br>           Plaintiff,<br><br>     v.<br><br>JACK ZHAI, an individual, JAMES LEE, an individual, and CEPHEUS BIOSCIENCES, INC., a Delaware Corporation,<br><br>           Defendants. | Case No. 3:16-cv-07323-EMC<br><br>**JOINT STIPULATION & [~~PROPOS~~ED] ORDER PERMITTING MUTUAL EXPEDITED DISCOVERY AND SETTING PRELIMINARY INJUNCTION SCHEDULE** |

Plaintiff AllCells, LLC ("Plaintiff") and Defendants Jack Zhai, James Lee, and Cepheus Biosciences, Inc. (collectively, "Defendants"), through their undersigned attorneys, hereby stipulate and agree to mutual expedited discovery and schedule:

WHEREAS, Plaintiff filed its Motion for Preliminary Injunction (D.I. 11), Motion for Expedited Discovery (D.I. 12), and Motion for Shortened Time (D.I. 13) on December 28, 2016.

WHEREAS, Plaintiff filed its Renewed Motion for Shortened Time (D.I. 27) and Supplemental Brief in support of its Motion for Expedited Discovery (D.I. 28) on January 11, 2017.

WHEREAS, the Court, in its January 13, 2017 Order, set a briefing schedule on Plaintiff's Motion for Expedited Discovery and ordered the parties to continue to meet and confer on mutual expedited discovery (D.I. 31).

WHEREAS, pursuant to the Court's instructions, the parties conferred and have reached agreement as to the scope of mutual expedited discovery and a proposed briefing and hearing schedule on Plaintiffs' Motion for Preliminary Injunction (D.I. 11);

NOW, THEREFORE, IT IS HEREBY STIPULATED, this honorable Court consenting that:

1) The parties' agreement to mutual expedited discovery and a proposed schedule for the briefing and hearing of Plaintiff's Motion for Preliminary Injunction (D.I. 11), resolves the need for this Court to rule on Plaintiff's motion for expedited discovery (D.I. 12).  This agreement also obviates any motion by Defendants for expedited discovery of Plaintiff.

2) The parties will engage in the expedited discovery, attached to D.I. 28 as Exhibit I and this stipulation as Exhibit A.[1]

3) The parties agree to the following schedule for expedited discovery and the briefing and hearing on Plaintiff's Motion for Preliminary Injunction (D.I. 11).

| Event | Deadline |
| --- | --- |
| Written Discovery Responses | January 30, 2017 |
| Document Production | On or before February 9, 2017 at 5 PM Pacific |
| Deposition of Jack Zhai and James Lee | Week of February 21, 2017 |
| Deposition of Dr. Jie "Jay" Tong and Wayne Vaz | Week of February 27, 2017 |
| Plaintiff's Amended Motion For Preliminary Injunction | March 2, 2017 |
| Opposition to Plaintiff's Motion | March 9, 2017 |
| Reply | March 16, 2017 |
| Hearing on Plaintiff's Motion | March 23, 2017 |

4) Depositions taken during expedited discovery will not prevent an additional deposition of any of the witnesses during regular fact discovery.

---

[1] The parties agree that Plaintiff's responses to Defendants' documents requests are limited to documents generated on or before July 1, 2016 as well as those date limitations already identified in the document requests.

- 2 -    JOINT STIPULATION & PROPOSED ORDER ON MUTUAL EXPEDITED DISCOVERY AND SCHEDULE

Counsel agree that future depositions of the same witnesses will not cover the same questioning unless there is new evidence or information requiring further exploration. The parties agree that withdrawal of any discovery during the expedited discovery conferral does not constitute a waiver or bar a party from later seeking previously withdrawn discovery in the regular course of discovery.

**IT IS SO STIPULATED.**

Dated: January 20, 2017          ORRICK, HERRINGTON & SUTCLIFFE LLP,


                                 By: _____/s/ Catherine Y. Lui_____
                                          Catherine Y. Lui
                                 Attorneys for Plaintiff AllCells, LLC

Dated: January 20, 2017          LTL ATTORNEYS LLP,


                                 By: _____/s/ Eugene L. Hahm_____
                                          Eugene L. Hahm
                                 Attorneys for Defendants Jack Zhai, James
                                 Lee, and Cepheus Biosciences, Inc.

Having considered the foregoing stipulation, and finding that good cause exists for mutual expedited discovery in advance of Plaintiff's Motion for Preliminary Injunction, **PURSUANT TO STIPULATION, IT IS SO ORDERED**.

Dated: __1/23__, 2017            By: _____
                                          HON. EDWARD M. CHEN
                                          United States District Judge

*IT IS SO ORDERED — Judge Edward M. Chen*

- 3 -                                    JOINT STIPULATION & PROPOSED ORDER ON
                                         MUTUAL EXPEDITED DISCOVERY AND
                                                                SCHEDULE

**ATTESTATION OF CONCURRENCE**

I, Catherine Y. Lui, am the ECF User whose identification and password are being used to file the foregoing Joint Stipulation and Proposed Order Permitting Mutual Expedited Discovery and Setting Preliminary Injunction Schedule. Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained.

Dated: January 20, 2017      ORRICK, HERRINGTON & SUTCLIFFE LLP,


By: _____*/s/ Catherine Y. Lui*_____
Catherine Y. Lui
Attorneys for Plaintiff AllCells, LLC

OHSUSA:766345152.2                - 4 -                JOINT STIPULATION & PROPOSED ORDER ON MUTUAL EXPEDITED DISCOVERY AND SCHEDULE

# EXHIBIT A

LTL ATTORNEYS LLP
Enoch H. Liang (SBN 212324)
 Enoch.Liang@ltlattorneys.com
Kevin M. Bringuel (SBN 196279)
 Kevin.Bringuel@ltlattorneys.com
Eugene L. Hahm (SBN 167596)
 Eugene.Hahm@ltlattorneys.com
Jennifer S. Jung (SBN 302491)
 Jenny.Jung@ltltattorneys.com
601 Gateway Boulevard, Suite 1010
South San Francisco, CA 94080
Tel.: 650-422-2130 / Fax: (650) 241-2412

Attorneys for Defendants
Jack Zhai, James Lee and Cepheus Biosciences, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLCELLS, LLC, a California Limited Liability Company<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JACK ZHAI, an individual, JAMES LEE, an individual, and CEPHEUS BIOSCIENCES, INC., a Delaware Company<br>　　　　Defendants. | Case No.: 3:16-cv-7323<br><br>**DEFENDANTS JACK ZHAI'S, JAMES LEE'S AND CEPHEUS BIOSCIENCES, INC.'S SPECIAL INTERROGATORIES, SET ONE** |

**PROPOUNDING PARTY:** DEFENDANTS, JACK ZHAI, JAMES LEE AND CEPHEUS BIOSCIENCES, INC.

**RESPONDING PARTY:** ALLCELLS, LLC

**SET NO.:** ONE

---

**DEFENDANTS JACK ZHAI, JAMES LEE AND CEPHEUS BIOSCIENCES, INC., SPECIAL INTERROGATORIES, SET ONE**

# INSTRUCTIONS

1. To "IDENTIFY" as to a PERSON means to state the PERSON's name, the address of last known residence, last known telephone number, title, employer, and/or address of employer.

2. To "IDENTIFY" as to a product or device means to state the manufacturer, model number, reseller, price, date purchased, and whether you still own the device.

3. To "IDENTIFY" as to an event, discussion, inquiry or request means to state the date that any of the foregoing occurred, the individuals involved, the location where the event, discussion, inquiry or request occurred, and the outcome thereof.

4. To "IDENTIFY" as to a document means:

   a. to refer to the document's identification or exhibit number if the document has been previously produced or used in discovery or to attach a true copy of the document to the interrogatory answers and to state the document's title and date, or if unknown the approximate date of creation;

   b. provide the identity of each person who signed or participated in the preparation of the document;

   c. provide the identity of each person who is an addressee, including those to whom copies were to be sent, or who received a copy of the document;

   d. provide a summary of the subject matter of the document;

   e. provide the present location of the document and the identity of the custodian of the original and each copy thereof; and

   f. if the document no longer exists, give the date on which it was destroyed, the identity of the person who destroyed it, and the person under whose authority it was destroyed.

5. In answering the following interrogatories, you are required to provide all information that is available to you or within your control, including information in the possession of your attorneys, investigators, employees, agents, representatives, and guardians or

1

**DEFENDANTS JACK ZHAI, JAMES LEE AND CEPHEUS BIOSCIENCES, INC., SPECIAL INTERROGATORIES, SET ONE**

any other person acting on your behalf, and not merely information from your own personal knowledge.

6. If you cannot answer an interrogatory in full, answer to the extent you are able to do so, state the reason for your inability to answer further, and state the knowledge or information available to you concerning the unanswered portion.

7. If you object to the interrogatory, you must state the grounds for any objection(s). If you object to only part of the interrogatory, you must state the objection and the grounds for any objection(s) and respond to the remainder of the interrogatory.

8. If you deem any information, document, or communication requested by any of the following interrogatories to be protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, please identify or describe: (a) the information, document, or communication alleged to be so protected by author, subject matter, date, number of pages, attachments, and appendices; (b) the names and job titles of all recipients of the information, document, or communication, including blind copy recipients and any individual to whom the information, document, or communication was distributed, shown, or explained; (c) the information, document, or communication's current custodian; (d) all bases, factual and legal, upon which such protection rests; and (e) identify all persons who have, or have had, access to said matter. If you contend that only a portion of the information sought by an interrogatory is privileged, please provide the information that you do not contend is privileged.

9. Each answer should be preceded by a reiteration of the full interrogatory to which it responds.

10. As used herein, the masculine includes the feminine and neuter; the singular includes the plural; "each" includes and encompasses "every," and vice-versa;" "any" includes and encompasses "all," and vice-versa; the terms "and" and "or" have both conjunctive and disjunctive meanings so as to be inclusive of any documents; and the present tense shall also include the past tense.

11. These interrogatories are ongoing and continuing and you are under a duty to

2

1 supplement your responses to these interrogatories in accordance with Federal Rule of Civil
2 Procedure 26(e).

### DEFINITIONS

1. "ALLCELLS," "YOU" and "YOUR" shall mean Plaintiff AllCells, LLC, including without limitation agents, representatives, employees, consultants, attorneys, and others acting on behalf of ALLCELLS.

2. "ZHAI" shall mean Defendant JACK ZHAI.

3. "LEE" shall mean Defendant JAMES LEE.

4. "CEPHEUS" shall mean Defendant CEPHEUS BIOSCIENCES, INC.

5. "PERSON(S)" means any natural person, legal entity, public or private entity, firm, association, organization, partnership, business, trust, corporation, limited liability company, or joint venture, or others acting on behalf of said PERSON.

6. "DOCUMENT" and "THINGS" shall have the broadest meaning ascribed to it by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001, whether in a fixed media e.g., paper, or electronic or otherwise.

7. "RELATE" or "REFER" or any variants thereof, when used in connection with any document, shall be understood to apply if the document directly or indirectly evidences, mentions, discusses, constitutes, concerns, supports, contradicts, refers to, or in any other way deals with the subject matter described in the request in which the term appears.

8. "COMMUNICATION" means any contact, oral or documentary, formal or informal, at any place or under any circumstances whatsoever whereby information of any nature is transmitted or transferred, including, without limitation, a single person seeing or hearing any information by any means.

9. "PRELIMINARY INJUNCTION MOTION" means the document filed as Docket No. 11 in Case No.: 3:16-cv-7323, filed on December 28, 2016.

# SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORIES NO. 1**

Identify all customers that ZHAI, LEE, or CEPHEUS allegedly diverted from ALLCELLS to CEPHEUS, as asserted on Page 2, lines 23-24 of the PRELIMINARY INJUNCTION MOTION.

**SPECIAL INTERROGATORIES NO. 2**

Identify all CEPHEUS's products that allegedly contain or embody ALLCELLS' purported trade secrets or confidential information, as asserted on Page 10, lines 23-24 of the PRELIMINARY INJUNCTION MOTION.

**SPECIAL INTERROGATORIES NO. 3**

For each product identified in response to Special Interrogatory No. 2 above, identify with particularity each alleged trade secrets of ALLCELLS contained or embodied in that product.

Dated: January 18, 2017                          LTL ATTORNEYS, LLP

                                      BY:    ___/s/ Eugene Hahm_____
                                             EUGENE HAHM
                                             Attorney for Defendants
                                             JACK ZHAI, JAMES LEE AND
                                             CEPHEUS BIOSCIENCES, INC.

**DEFENDANTS JACK ZHAI, JAMES LEE AND CEPHEUS BIOSCIENCES, INC., SPECIAL INTERROGATORIES, SET ONE**

LTL ATTORNEYS LLP
Enoch H. Liang (SBN 212324)
 Enoch.Liang@ltlattorneys.com
Kevin M. Bringuel (SBN 196279)
 Kevin.Bringuel@ltlattorneys.com
Eugene L. Hahm (SBN 167596)
 Eugene.Hahm@ltlattorneys.com
Jennifer S. Jung (SBN 302491)
 Jenny.Jung@ltlattorneys.com
601 Gateway Boulevard, Suite 1010
South San Francisco, CA 94080
Tel.: 650-422-2130 / Fax: (650) 241-2412

Attorneys for Defendants
Jack Zhai, James Lee and Cepheus Biosciences, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLCELLS, LLC, a California Limited Liability Company<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JACK ZHAI, an individual, JAMES LEE, an individual, and CEPHEUS BIOSCIENCES, INC., a Delaware Company<br>　　　　　Defendants. | Case No.: 3:16-cv-7323<br><br>**DEFENDANTS JACK ZHAI, JAMES LEE AND CEPHEUS BIOSCIENCES, INC., REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** |

**PROPOUNDING PARTY:** DEFEDANTS, JACK ZHAI, JAMES LEE AND CEPHEUS BIOSCIENCES, INC.

**RESPONDING PARTY:** ALLCELLS, LLC

**SET NO.:** ONE

# INSTRUCTIONS

1. Pursuant to applicable Federal Rules, you are required to obtain and furnish all information available to you or in your control or available or in the control of any of your representatives, employees, agents, brokers, servants, or attorneys.

2. Each request should be responded to separately. However, a document which is a response to more than one request may, if marked or indexed, be produced to in a later response by its mark or index identifier.

3. If any document or request for information or definition or instruction is objected to in whole or in part, specify all grounds on which objection rests. Respond to all portions of each such request to which no objection is asserted. In addition, state whether any responsive information has been omitted from any response or whether and in what way the search for responsive information has been delimited or circumscribed on the basis of any such objection.

4. The documents produced in response to this request shall include all attachments and enclosures.

5. References to the singular include the plural.

6. The use of any tense of any verb includes all other tenses of the verb.

7. If you believe that any of the following requests calls for an assertion of a claim of privilege, answer so much of the request as is not objected to, state that part of each request to which you raise objection and set forth the basis for your claim of privilege with respect to such information you refuse to give.

8. For all documents for which a claim of privilege is raised as grounds for non-production, a privilege log must be provided listing:

   a. The place, date and manner of preparing the document;

   b. The name and title of the sender;

   c. The identity of each person participating in the preparation of the document;

   d. The identity and title of the person supplying the attorney with the

information requested above;

e. The identity of each person to whom the contents of the document have summarization, the dates of said communication, and the employer and title of the person at the time of communication;

f. Type of document;

g. Subject matter (without revealing the relevant information for which privilege or statutory authority is claimed); and

h. Factual and legal basis for claim, privilege.

9. If, for reasons other than a claim of privilege, you refuse to answer any request, please state the grounds upon which the refusal is based with sufficient specificity to permit determination of the propriety of such refusal.

10. Each request calls for the production of the original document. Each request also includes a request for production of all preliminary drafts of documents that differ in any respect from the original or final draft or from each other (e.g., by reason of handwritten notes or comments added to one copy of a document).

11. If any documents requested have been lost or destroyed, the documents lost or destroyed must be identified by author, date and subject matter.

12. For any document which was once in Defendant's control, but is no longer, please indicate the date the document ceased to be in the Defendant's control, the manner in which it is ceased, and the name and address of its present custodian.

13. If you do not agree with any definition of the terms provided herein, you are instructed to provide a reasonable, alternative definition for that term, consistent with industry custom and usage.

14. Each of the definitions and instructions contained herein shall be fully applicable to each request notwithstanding that a definition or instruction may, in whole or in part, be reiterated in a particular request and notwithstanding that a particular request may incorporate supplemental instructions or definitions. If, however, you provided any alternate definitions in accordance with Instruction 14, indicate whether, and how, any answer to any request would

**DEFENDANTS JACK ZHAI, JAMES LEE AND CEPHEUS BIOSCIENCES, INC., REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**


differ if you relied on your alternate definition in responding to that request instead of the definitions provided.

15.  Unless otherwise indicated, each request is to be construed as encompassing all documents from the date the document (or thing) was first created, generated or received and continues to the date of production.

16.  If any document or request is deemed to call for the disclosure of confidential or proprietary information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure, Defendant's counsel is prepared to receive such documents or information and will maintain each document's confidentiality pending the entry of an appropriate protective order.

## DEFINITIONS

1.  "ALLCELLS," "YOU" and "YOUR" shall mean Plaintiff AllCells, LLC, including without limitation agents, representatives, employees, consultants, attorneys, and others acting on behalf of ALLCELLS.

2.  "ZHAI" shall mean Defendant JACK ZHAI.

3.  "LEE" shall mean Defendant JAMES LEE.

4.  "CEPHEUS" shall mean Defendant CEPHEUS BIOSCIENCES, INC.

5.  The term "DOCUMENT," as used in these Production Requests has the broadest meaning accorded that term by Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and includes, but is not limited to, any kind of written or graphic material, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, copies, drafts and both sides thereof, and including, but not limited to: any papers, reports, binder, cover note, certificate, letter, correspondence, record, table, chart, analysis, graph, schedule, report, test, study memorandum, note, list, diary, log, calendar, telex, message (including, but not limited to, inter-office and intra-office communications), questionnaire, bill, purchase order, blogs, charts, data files, log files of computer access activity, shipping order, contract, memorandum of contract, agreement, assignment, license, certificate, permit, ledger, ledger entry, book of account, check, order, invoice, receipt, statement, financial data, acknowledgement, computer or data processing card,

computer or data processing disk, computer-generated matter, photograph, photographic negative, phonograph recording, transcript or log of an such recording, projection, videotape, film, microfiche, and all other data compilations from which information can be obtained or translated, reports and/or summaries of investigations, drafts and revisions of drafts of any documents and original preliminary notes or sketches, and all of the records kept by electronic, photographic, optical, mechanical, magnetic means and things similar to any of the foregoing, including computer media, regardless of their author, no matter how produced or maintained, in your actual or constructive possession, custody or control, or the existence of which you have knowledge, and whether prepared, published or released by you or by any other person. If a document has been prepared in several copies, or additional copies have been made, or copies are not identical (or which by reason of subsequent modification of a copy by the addition of notations or other modifications, are no longer identical), each non-identical copy as a separate document.

6. The term "COMMUNICATIONS" means any manner or means of disclosure, transfer or exchange of information with any person (whether internal or external to an organization), including but not limited to by means of verbal conversation, letter, memoranda, message, note, telegram, telex, electronic mail, facsimile, text message, chat message, instant message, Facebook message or Twitter message, posting, or by any other DOCUMENTS.

7. The term "CONCERNING" means embodying, referring to, relating to, summarizing, constituting, containing, analyzing, studying, explaining, mentioning, showing, discussing, supporting, refuting, reflecting, memorializing, describing, commenting upon, and/or connected in any way factually or logically with, the matter therein.

8. "RELATE" or "REFER" or any variants thereof, when used in connection with any document, shall be understood to apply if the document directly or indirectly evidences, mentions, discusses, constitutes, concerns, supports, contradicts, refers to, or in any other way deals with the subject matter described in the request in which the term appears.

9. "TRADE SECRETS DISCLOSURE" means ALLCELLS' Preliminary Trade Secrets Disclosure served on January 14, 2017.

10. As used herein, the masculine includes the feminine and neuter; the singular includes the plural; "each" includes and encompasses "every," and vice-versa;" "any" includes and encompasses "all," and vice-versa; the terms "and" and "or" have both conjunctive and disjunctive meanings; so as to be inclusive of any documents.

11. Unless otherwise noted herein, the relevant time period shall be from January 1, 2010 to the present.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1**

All Confidential Disclosure Agreements, including amendments and prior versions, as referenced in Paragraph 1.b of the TRADE SECRETS DISCLOSURE, that were in effect on or after January 1, 2015.

**REQUEST NO. 2**

All Distributor Agreements as referenced in Paragraph 1.c. of the TRADE SECRETS DISCLOSURE, that were in effect on or after January 1, 2015.

**REQUEST NO. 3**

All versions of the 2016 Catalog Price Adjustment File.

**REQUEST NO. 4**

All non-disclosure agreements, including amendments and prior versions, ALLCELLS and its customers, that were in effect on or after January 1, 2015.

**REQUEST NO. 5**

All amendments or prior versions of any of the Exhibits attached to the TRADE SECRETS DISCLOSURE.

Dated: January 18, 2017                    LTL ATTORNEYS, LLP

                                           BY:   */s/ Eugene Hahm*
                                                 EUGENE HAHM
                                                 Attorney for Defendants
                                                 JACK ZHAI, JAMES LEE AND
                                                 CEPHEUS BIOSCIENCES, INC.

**DEFENDANTS JACK ZHAI, JAMES LEE AND CEPHEUS BIOSCIENCES, INC., REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**