UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLCELLS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JACK ZHAI, et al.,<br><br>    Defendants. | Case No. 16-cv-07323-EMC<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>Docket No. 47 |

    Plaintiff AllCells, LLC has filed suit against Defendants Cepheus Biosciences, Inc. and two if its employees, Jack Zhai and James Lee, asserting claims for, *inter alia*, trade secret misappropriation under both state and federal law. Mr. Zhai and Mr. Lee are former employees of AllCells and currently work for Cepheus.

    Currently pending before the Court is Defendants' motion to dismiss. In the motion, Defendants argue that AllCells cannot state a claim for relief under the Defend Trade Secrets Act ("DTSA"), *see* 18 U.S.C. § 1836, and the Court should decline to exercise supplemental jurisdiction over the remaining claims which are all based on state law. Having considered the parties' submissions as well as the oral argument of counsel, the Court hereby **DENIES** the motion to dismiss.

    The DTSA provides that it "shall apply with respect to any misappropriation of a trade secret (as defined in section 1839 of title 18, United States Code, as amended by this section) for which *any act* occurs on or after the date of the enactment of this Act," which is May 11, 2016. 114 P.L. 153, § 2(e) (emphasis added). Misappropriation of a trade secret can be acquisition of a trade secret, disclosure of a trade secret, or use of a trade secret. *See* 18 U.S.C. § 1839(5). Here, even if Mr. Zhai and Mr. Lee copied and thus *acquired* the alleged trade secrets before May 11,

2016, AllCells has sufficiently alleged that there was at least *use* of the trade secrets after that date. Hence, the Act applies.[1] Defendants' contention that AllCells has simply made conclusory allegations of use lacks merit. The allegations suffice under *Twombly* and *Iqbal*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Finally, to the extent Defendants argue that an act of continuing misappropriation dates back to the first misappropriation (*i.e.*, a "single claim" of misappropriation) and thus the entirety of the misappropriation falls outside the DTSA, that argument is not persuasive. First, as AllCells points out, the DTSA did not adopt the language of the UTSA which appears to embrace Defendants' theory. *Compare* UTSA § 11 (including 1985 amendments) (providing that "[t]his [Act] takes effect on _____, and does not apply to misappropriation occurring prior to the effective date" and that, "[w]ith respect to a continuing misappropriation that began prior to the effective date, the [Act] also does not apply to the continuing misappropriation that occurs after the effective date"), *available at* http://www.uniformlaws.org/Act.aspx?title=trade%20Secrets%20Act (last visited February 23, 2017).

Second, Defendants' reliance on 18 U.S.C. § 1836(d) is misplaced. Section 1836(d) provides:

> A civil action . . . may not be commenced later than 3 years after the date on which the misappropriation with respect to which the action would relate is discovered or by the exercise of reasonable diligence should have been discovered. For purposes of this subsection, a continuing misappropriation constitutes a single claim of misappropriation.

18 U.S.C. § 1836(d). But as one court has explained:

> [W]hile Subsection 1836(d) states that a continuing misappropriation constitutes a single claim, it does so only "for purposes of this subsection." That subsection addresses *only when a claim accrues for statute of limitations purposes*, and it does not purport to address the issue in this case: whether an owner may recover under DTSA when the misappropriation occurs both before and after the effective date, assuming the entire misappropriation is within the 3-year limitations period.

---

[1] AllCells does not dispute that the DTSA does not apply to the copying and acquisition by Mr. Zhai and Mr. Lee.

2

*Adams Arms, LLC v. Unified Weapon Sys.*, No. 8:16-cv-1503-T-33AEP, 2016 U.S. Dist. LEXIS 132201, at *17 (M.D. Fla. Sept. 27, 2016) (emphasis added).

For the foregoing reasons, Defendants' motion to dismiss is denied. To the extent Defendants have asked the Court to rule that AllCells's DTSA claim can be based only on disclosure or use, and not acquisition, the Court declines. AllCells essentially conceded at the hearing that Mr. Zhai and Mr. Lee copied, and thus acquired, the alleged trade secrets before May 11, 2016. That conduct lies outside the DTSA. However, it is not clear when exactly Cepheus acquired the alleged trade secrets. It seems likely that acquisition occurred prior to May 11, 2016, but, at this stage in the proceedings, the record has not been sufficiently developed on this point. The Court also notes that it is not making any ruling on what acts of misappropriation AllCells may rely for its state law misappropriation claim.

This order disposes of Docket No. 47.

**IT IS SO ORDERED**.

Dated: March 27, 2017

_____
EDWARD M. CHEN
United States District Judge